UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CRIMINAL ACTION NO. 7:23-CR-14-KKC-EBA

UNITED STATES OF AMERICA                                                                     PLAINTIFF

V.                                        **MOTION TO TRANSFER**

VIRGIL G. SAYLOR, et al.,                                                                    DEFENDANTS

\* \* \* \* \*

The United States moves the Court to transfer the trial in this matter to another docket within this district to alleviate concerns regarding seating an impartial jury. Moving the trial in this case to another docket in the same division of this district is well within the Court's discretion pursuant to Local Criminal Rule 18.2(b) and Federal Rule of Criminal Procedure 18.

Local Criminal Rule 18.2(b) permits that "[a]ny criminal action or proceeding may, in the discretion of the Court, be transferred from the jury division in which it is pending to any other division for the convenience of the Court, the defendant, witnesses, or in the interest of justice." Federal Rule of Criminal Procedure 18 similarly dictates that "[t]he court must set the place of trial within the district with due regard for the convenience of the defendant, any victim, and the witnesses, and the prompt administration of justice." A defendant has "no constitutional right to a trial within a division." *United States v. Betancourt*, 734 F.2d 750, 756 (11th Cir. 1984); *see also*

*United States v. Erwin*, 155 F.3d 818, 824 (6th Cir. 1998) ("there is no constitutional or statutory requirement that a defendant's trial take place in a specific courtroom or division within a federal judicial district"); *United States v. Lewis*, 504 F.2d 92, 98 (6th Cir. 1974) ("Transfer of a particular case from one place within the district to another place within the district is a matter for the local district judges to decide."). Here, the interest of justice weighs heavily in favor of moving the trial to another docket or division within the district, and the other factors are neutral or also support a transfer.

The subject of the pending charges -- a cockfighting operation in Whitesburg, Kentucky – was a well-known venue in the area, operating weekly fights for several years. Hundreds of people attended each week. The federal investigation into illegal animal fighting in the area initially focused on a similarly well established and attended pit in Pike County. After that pit shut down, many attendees and participants moved to the Whitesburg pit. When the Whitesburg pit was searched by law enforcement, over one hundred individuals were interviewed by law enforcement. The law enforcement activity was widely discussed on social media. Numerous residents of Pike County and Letcher County will undoubtedly have heard of the specific chicken fighting operation or know individuals who participated and/or were interviewed by law enforcement. In addition, the media coverage of the pending case and raid of the pit has been extensive, including

articles in the local media outlets[1] and in the national news.[2]  The United States anticipates an extremely lengthy voir dire to identify jurors who have not learned about the case through media coverage, have personal knowledge of the operation, know individuals who were involved, or have other familiarity and opinions of animal fighting in the area.

The other factors the Court must consider support transferring the trial out of Pikeville.  The defendants anticipated to go to trial – Virgil Saylor and Tina Miller – do not reside in Kentucky and will have to travel regardless of the trial location.[3]  The victims of animal fighting offense are the animals themselves; thus, there are no victim concerns about transferring the trial.  Finally, the United States's witnesses are nearly all law enforcement witnesses from throughout the state, for whom traveling to another division in the Eastern District of Kentucky does not present a concern.[4]

---

[1]     *See, e.g.*, https://www.wymt.com/2023/07/21/report-six-people-indicted-following-eky-cockfighting-pit-investigation/; https://www.themountaineagle.com/articles/a-training-exercise-turned-into-raid-on-cockfight-arena/; https://www.floydct.com/news/feds-seeking-to-take-letcher-property-involved-in-alleged-cockfighting-operation/article_17e23e8a-2b18-11ee-83ac-7b0e040d7305.html; https://mountain-topmedia.com/six-indicted-on-charges-related-to-letcher-cockfighting-pit/; https://1039thebulldog.com/second-person-plans-to-plead-guilty-in-cockfighting-ring/; https://www.hazard-herald.com/crime/cockfighting-pit-operator-pleads-guilty-in-federal-court/article_09f77574-947c-11ee-ba5b-d7607b830fe3.html.

[2]     https://sports.yahoo.com/feds-bust-kentucky-cockfighting-ring-190010716.html?.

[3]     Defendant Prater lives Johnson County but is not anticipated to go to trial.  If he does proceed to trial, the convenience of one of three defendants does not meaningfully change the analysis.  If anything, it further increases the challenges of jury selection, given the possibility that potential jurors may know him personally.

[4]     Although not an articulated factor to consider under Local Criminal Rule 18.2(b) and Federal Rule of Criminal Procedure 18, the United States notes that counsel for Defendant Saylor is based in Hazard, and counsel for Defendant Miller is based in Jackson, Kentucky.  Counsel for the United States is based in Lexington and can easily travel to any docket in the

Most significantly, the interests of justice in seating a fair and impartial jury and ensuring the prompt administration of justice weigh heavily in favor of transferring the trial location. *See United States v. Dakota*, 197 F.3d 821, 826 (6th Cir. 1999) (affirming district court's finding that the interests of justice outweighed the expense and inconvenience of a transfer of 400 miles from Marquette to Grand Rapids); *Lewis*, 504 F.2d at 98 (6th Cir. 1974); *United States v. Nasr*, No. 7:18-CR-7-KKC, 2019 WL 6842540, at *2 (E.D.K.Y. Dec. 16, 2019) (granting defendant's motion to transfer trial from Pikeville to Lexington, pursuant to EDKY Local Rule 18.2 noting such a transfer was merely from one division within a district to another); *United States v. Maricle*, 2009 WL 3211104, at *1 (E.D.K.Y. October 1, 2009) ("while this transfer will create some inconvenience for the parties and members of the Defendants' families, such inconvenience does not overcome the Court's strong belief that transfer of the trial is warranted under the circumstances presented"); *United States v. Lawson*, 2009 WL 511935 (E.D.K.Y. March 2, 2009) (transferring trial from Frankfort to Covington in the interest of justice); *United States v. Roberts*, 2006 WL 3068807, at *1-2 (E.D.K.Y. Oct. 26, 2006) (moving trial from London to Frankfort under the prompt administration of justice factor because "[f]inding jurors who have not heard of the Clay County investigation or who do not know the defendant or Robert's mother would be an exhaustive, expensive and time-consuming process."); *United States v. Forlani*, 2012 WL 3524751, at *4-5 (N.D. Ohio Aug. 14, 2012) (denying defendant's request to transfer trial

---

district. The United States defers to the Court as to which division in the Eastern District of Kentucky would be more convenient for the Court.

to location more convenient for defendant in part based on convenience of court during long trial and concerns about jury selection due to pretrial publicity).

The United States respectfully asks the Court to transfer the trial in this matter to another docket within this district pursuant to Local Criminal Rule 18.2(b) and Federal Rule of Criminal Procedure 18.

        Respectfully submitted,

        CARLTON S. SHIER, IV
        UNITED STATES ATTORNEY

By: /s/ Kate K. Smith
     Kate K. Smith
     Andrea Mattingly Williams
     Assistant United States Attorneys
     260 W. Vine Street, Suite 300
     Lexington, Kentucky 40507-1612
     (859) 685-6855
     (859) 685-4899
     Fax: (859) 233-2533
     Kate.Smith@usdoj.gov
     Andrea.Mattingly.Williams@usdoj.gov

## CERTIFICATE OF SERVICE

On January 25, 2024, I electronically filed this document through the ECF system, which will send notice to counsel of record.

        /s/ Kate K. Smith
        Assistant United States Attorney