UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at Pikeville)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 7: 23-014-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| VIRGIL SAYLOR, TINA MILLER, and | ) | **MEMORANDUM OPINION** |
| CHRIS PRATER, | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

This matter is pending for consideration of the United States' Motion *in Limine* seeking to preclude certain evidence and arguments in the upcoming trial of Defendants Virgil Saylor, Tina Miller, and Chris Prater. [Record No. 84] The United States requests issuance of an order precluding: (1) evidence regarding the treatment of cockfighting under Kentucky state law, (2) evidence and argument about the handling of any birds seized from the Whitesburg Chicken Pit,[1] and (3) any argument that would encourage jury nullification. Defendant Saylor filed a response opposing the motion and the United States tendered a reply. [Record Nos. 86, 97] For the reasons set forth below, the United States' motion will be granted.

---

[1] The Whitesburg Chicken Pit (the "Whitesburg Pit") was an animal fighting venture located near KY 15 and close to the Isom Mine in Whitesburg, Kentucky. [*See* Record No. 1, ¶ 8] The Whitesburg Pit may also be referred to as "American Testing Facility" or "Isom." [*Id.*]

## I. Background

Defendants Virgil Saylor, Tina Miller, and Chris Prater are charged with participating in illegal cockfighting in violation of the Animal Welfare Act.[2] [Record No. 1] Federal agents executed a search warrant on February 26, 2022, at the Whitesburg Pit, resulting in the seizure and subsequent euthanasia of numerous birds involved in the alleged cockfighting activities. [Record No. 84, p. 3] The charged conduct predates this search and seizure.

While the Indictment charges the defendants under federal law, it includes a single reference to the Commonwealth of Kentucky's animal cruelty laws.[3] [*Id.* ¶ 12] Under Kentucky law, causing animals to fight for pleasure or profit constitutes cruelty to animals in the second degree—a Class A misdemeanor.[4] *See* K.R.S. § 525.130(1)(a), (4). However, possessing fighting birds or related paraphernalia is not specifically prohibited under Kentucky law. [Record No. 84, p. 1]

## II. Legal Standard

The purpose of a motion *in limine* is "to exclude anticipated prejudicial evidence before the evidence is actually offered." *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013)

---

[2] Count One of the Indictment asserts a violation of 18 U.S.C. § 371 (conspiracy); Count Two asserts a violation of 7 U.S.C. § 2156(c) (promoting animal fighting); Count Five asserts a violation of 7 U.S.C. § 2156(a)(1) & (b) (attempt to sponsor and exhibit an animal in an animal fighting venture); Count Six asserts a violation of 7 U.S.C. § 2156(a)(2)(B) (causing a minor to attend an animal fighting venture). [*See* Record No. 1.] Saylor has been indicted on Counts One and Two. Miller has been indicted on Count One. Prater has been indicted on Counts Five and Six. [*Id.*]

[3] The Indictment cites K.R.S. § 525.130 and notes the following: "At all relevant times, it was unlawful to participate in animal fighting under Kentucky law." [Record No. 1, ¶ 12]

[4] Under Kentucky law, a Class A misdemeanor is punishable by up to 12 months in jail and/or a fine not to exceed $500 fine. *See* K.R.S. §§ 532.090, 534.040.

(quoting *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984)). Such motions are "designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." *Id.* (quoting *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1069 (3d Cir. 1990)). The standard for granting an *in limine* motion is essentially that for evidentiary rulings in general: the evidence must be "clearly inadmissible for any purpose." *King v. Taylor*, No. 10-CV-96, 2013 WL 2297183, at *2 (E.D. Ky. May 24, 2013).

### III. Discussion

#### A. References to State Law

The United States seeks to preclude any references to Kentucky state law regarding cockfighting, arguing that such references are irrelevant to the charges brought under federal law and could confuse the jury or invite jury nullification. [Record Nos. 84, p. 2; 97, p. 2] Saylor counters that the government itself referenced Kentucky law in the indictment, thereby making it relevant. [Record No. 86, pp. 1–2] Saylor's argument is unpersuasive.

Under Federal Rule of Evidence 401, evidence is relevant if "it has any tendency to make a fact more or less probable" and "the fact is of consequence in determining the action." The charges in this case pertain solely to violations of federal law, specifically the Animal Welfare Act, 7 U.S.C. § 2156. The fact that Kentucky law treats cockfighting less harshly is not relevant to whether any of the defendants violated federal law. Moreover, the potential for confusion or jury nullification supports exclusion under Rule 403, which permits exclusion of evidence "if its probative value is substantially outweighed by the danger of . . . confusing the issues [or] misleading the jury." Any reference to Kentucky law relating to cockfighting would not make any fact more or less probable concerning the defendants' alleged violations of

federal law. Therefore, the United States' motion to preclude references to Kentucky state law will be granted.

### B. The Handling of Seized Birds

The United States next seeks to exclude evidence or argument about the handling and euthanasia of the birds seized from the Whitesburg Pit, arguing that it is irrelevant and would serve only to prejudice the jury against the government. [Record No. 84, p. 3] Defendant Saylor contends that this evidence is crucial for impeachment purposes and for providing context to the actions taken by the authorities during the raid. [Record No. 86, pp. 2–4].

The handling of the birds after their seizure does not bear on whether the defendants engaged in illegal cockfighting activities prior to the raid. *See* Fed. R. Evid. 401. And once again, the evidence is similarly excludable under Rule 403 because its probative value is substantially outweighed by the risk of unfair prejudice, confusing the issues, or misleading the jury.

The United States Court of Appeals for the Sixth Circuit has emphasized that evidence which primarily serves to arouse jurors' emotions against a party should be excluded. *See United States v. Hazelwood*, 979 F.3d 398, 412 (6th Cir. 2020). Introducing details about what happened to the seized birds *after* the alleged crimes had already been committed would be an irrelevant distraction from the actual factfinding the jury is tasked with in this case.[5] As such, the undersigned will grant the Government's motion to preclude any references to the post-

---

[5] While the Court will address this in a separate order, the Government's duty under *Brady v. Maryland*, 373 U.S. 83 (1963), to disclose exculpatory evidence does not extend to materials that are irrelevant to the charges. Much of the material Saylor has requested, but particularly that relating to the post-seizure treatment of the birds, is not pertinent to guilt or innocence in this case.

seizure handling and/or euthanasia of the birds. This does not preclude the defendants from engaging in relevant rebuttal if the United States chooses to introduce these issues during trial.

### C. Jury Nullification

The United States also asks the Court to preclude any argument that encourages jury nullification, asserting that such arguments are improper and irrelevant to the factual determinations the jury must make. [Record No. 84, pp. 3–4] Defendant Saylor, however, argues that it is premature to rule on such matters before trial and that any concerns regarding jury nullification can be addressed at trial as issues arise. [Record No. 86, p. 11]

While the Court cannot prevent jurors from voting to acquit a defendant in defiance of the law, "courts will not encourage this [practice], provide jury instructions acknowledging it, or allow lawyers to argue overtly for it." *Wofford v. Woods*, 969 F.3d 685, 709 (6th Cir. 2020). The Sixth Circuit has consistently held that defendants do not have the right to present evidence or arguments solely to encourage jury nullification. *See United States v. Krzyske*, 836 F.2d 1013, 1021 (6th Cir. 1988). Considering these principles, any argument by the defense that *expressly* invokes jury nullification will be excluded. So too will any argument or implication that cockfighting is a constitutionally or culturally protected right and thus, "not a big deal." The undersigned rejects Saylor arguments that such determinations are premature. Instead, the Court finds that precluding this narrow category of arguments in advance will ensure a fair trial focused on the relevant legal and factual issues. Accordingly, the United States' motion to preclude any argument for jury nullification will be granted.

### IV. Conclusion

Based on the foregoing analysis and discussion, it is hereby

**ORDERED** that the United States' Motion *in Limine* [Record No. 84] is **GRANTED**.

- 6 -

Dated: July 24, 2024.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky