UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at Pikeville)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 7: 23-014-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| VIRGIL SAYLOR, | ) | **MEMORANDUM ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Virgil Saylor is charged with conspiring to violate the laws of the United States in violation of 18 U.S.C. § 371 and animal fighting in violation 7 U.S.C. § 2156(c). A jury trial is scheduled to begin October 8, 2024. Saylor has filed a motion to suppress statements he allegedly made to law enforcement officers during the execution of a search warrant at the American Testing Facility cockfighting pit located in Whitesburg, Kentucky, on February 26, 2022.

The motion was referred to United States Magistrate Judge Edward B. Atkins for issuance of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Atkins held an evidentiary hearing on August 6, 2024. On August 12, 2024, he issued a Recommended Disposition, recommending that Saylor's motion to suppress should be denied. [Record No. 121] More than 14 days have passed and the defendant has not filed objections to the Recommended Disposition. *See* 28 U.S.C. § 636(b)(1)(C).

Although this Court must make a *de novo* determination of those portions of the Magistrate Judge's recommendations to which timely objections are made, 28 U.S.C. §

636(b)(1)(C), "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Regardless, the undersigned has reviewed the record and agrees that Saylor's motion to suppress is totally without merit.

The uncontroverted testimony presented during the evidentiary hearing establishes that Saylor was advised of his *Miranda* rights and then agreed to speak with officers. The tone of the interview was friendly, and the officers did not use any aggressive tactics to elicit responses from the defendant. Officers gave Saylor the option of being interviewed alone or with his partner, Tina Miller. Further, Saylor does not contend that he asked for an attorney at any point during the interview. The Magistrate Judge correctly concluded that, even if Saylor was in custody (which need not be determined), he knowingly and voluntarily waived his *Miranda* rights. *See United States v. Adams*, 583 F.3d 457, at 467-68 (6th Cir. 2009).

Accordingly, it is hereby **ORDERED** as follows:

1. The United States Magistrate Judge's Recommended Disposition [Record No. 121] is **ADOPTED** and **INCORPORATED**, in full.

2. Defendant Saylor's motion to suppress [Record No. 102] is **DENIED**.

Dated: August 29, 2024.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky